# No. 25-1702

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

FINJAN LLC,

*Plaintiff-Appellant*,

v.

PALO ALTO NETWORKS, INC.,

*Defendant-Appellee*.

Appeal from the U.S. District Court for the Northern District of California,
No. 3:14-cv-04908-RS, Hon. Richard Seeborg

## PALO ALTO NETWORKS, INC.'S UNOPPOSED MOTION TO EXCEED CONFIDENTIALITY DESIGNATION LIMITS

TIMOTHY CHEN SAULSBURY
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105

KYLE W.K. MOONEY
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019

BRIAN R. MATSUI
SETH W. LLOYD
MORRISON & FOERSTER LLP
2100 L Street NW, Suite 900
Washington, DC 20037
Tel.: (202) 887-8784
BMatsui@mofo.com

REBECCA W. SETRAKIAN
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017

*Counsel for Palo Alto Networks, Inc.*

OCTOBER 23, 2025

Defendant-Appellee Palo Alto Networks, Inc. (PAN) respectfully requests under Federal Circuit Rule 25.1(d)(3) that the Court permit PAN to mark as confidential in its response brief more than the maximum 15 words allowed by Federal Circuit Rule 25.1(d)(1)(A). Plaintiff-Appellant Finjan LLC (Finjan) has stated that it does not oppose this motion.

PAN files this motion out of an abundance of caution. Besides four unique words already marked as confidential in Finjan's opening brief, which do "not count against the unique word allotment for" PAN's response brief, PAN marks as confidential only portions of one figure on page 23 of its brief. Fed. Cir. R. 25.1(d)(1)(C). Although the Court's rules do not specifically discuss marking figures, the marked portions of the figure include 38 unique words not previously marked confidential in Finjan's brief.

To the extent the Court's rules apply to words in a figure, good cause exists to exceed the 15-word limit. Fed. Cir. R. 25.1(d)(3)(A). The figure, and its words, disclose specific technical details regarding the accused Next Generation Firewall (NGFW) products. The technical details regarding PAN's NGFW products include detailed workflow inside the NGFW products and specific capabilities of key components of the NGFW products. This information was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the district court's protective order.

In light of the strong public interest in access to court proceedings, PAN has endeavored to mark as few unique words as possible for redaction. However, PAN's "argument[s] cannot be properly developed without additional disclosure of confidential information." Fed. Cir. R. 25.1(d)(3)(A). In this appeal, Finjan challenges the district court's grant of summary judgment that PAN does not infringe U.S. Patent No. 8,225,408. The figure PAN designates played a prominent role in the district court's grant of summary judgment.

In addition, public disclosure will "risk causing competitive injury" to PAN. Fed. Cir. R. 25.1(d)(3)(A). NGFW is an industry-leading family of firewalls. DeStefano Decl. ¶ 6, *Finjan LLC v. Palo Alto Networks, Inc.*, No. 3:14-cv-04908-RS (N.D. Cal. Sept. 11, 2024), Dkt.306-1. *PAN's* quality and performance advantages in the market are attributable to the technical details and inner workings of PAN's products. *Id.* Those technical details and inner workings of NGFW are highly confidential and proprietary to PAN. *Id.* Public disclosure of this information would help PAN's competitors reverse engineer PAN's products or otherwise make technical and business decisions that could harm PAN's competitive standing in the cybersecurity industry. *Id.*

Moreover, because the NGFW products provide network security, disclosure of this information could compromise the security of computers and networks protected by PAN's products. *Id.*

## CONCLUSION

For the foregoing reasons, PAN respectfully requests that the Court grant this motion to mark as confidential more than the maximum 15 words allowed by Federal Circuit Rule 25.1(d)(1)(A).

Dated: October 23, 2025

Respectfully submitted,

/s/ Brian R. Matsui

TIMOTHY CHEN SAULSBURY
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105

KYLE W.K. MOONEY
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019

BRIAN R. MATSUI
SETH W. LLOYD
MORRISON & FOERSTER LLP
2100 L Street NW, Suite 900
Washington, DC 20037
Tel.: (202) 887-8784
BMatsui@mofo.com

REBECCA W. SETRAKIAN
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017

*Counsel for Palo Alto Networks, Inc.*

# CERTIFICATE OF INTEREST

Counsel for Palo Alto Networks, Inc. certify under Federal Circuit Rule 47.4 that the following information is accurate and complete to the best of their knowledge:

1. **Represented Entities.** Provide the full names of all entities represented by undersigned counsel in this case.

Palo Alto Networks, Inc.

2. **Real Parties in Interest.** Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.

None.

3. **Parent Corporations and Stockholders.** Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.

None.

4. **Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court.

MORRISON & FOERSTER LLP: Matthew Alan Chivvis, Daralyn J. Durie, Matthew Ian Kreeger, Rose S. Lee, Colette Reiner Mayer, Michael James DeStefano, John Sebastiano Douglass, Nicole Marie Smith, Rudolph Kim, Eric Wan-Jin Lin, Michael A. Jacobs, Emily Friesen Regier, Diek O. Van Nort

5. **Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

Yes, see separately filed notice.

6. **Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).

Not applicable.

Dated: October 23, 2025                    /s/ Brian R. Matsui
                                                              Brian R. Matsui

## CERTIFICATE OF COMPLIANCE

The foregoing filing complies with the relevant type-volume limitations and typeface and type style requirements of the Federal Rules of Appellate Procedure and Federal Circuit Rules because the filing has been prepared using a proportionally spaced typeface in 14-point Times New Roman font using Microsoft Word and includes 455 words, excluding the parts of the filing exempted by the Rules.

Dated: October 23, 2025  /s/ Brian R. Matsui
 Brian R. Matsui

MF-363766927